UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NATIONWIDE LIFE INSURANCE COMPANY, | ) |
| Plaintiff/Counterclaim Defendant, | ) |
| vs. | ) |
| ST. CLAIR MOBILE HOME PARKS, LLC, | ) Case No. 4:04CV01746 AGF |
| Defendant/Counterclaim Plaintiff/ Third Party Plaintiff/ Third Party Counterclaim Defendant, | ) |
| vs. | ) |
| TRIAD CAPITAL ADVISORS, INC., and JOSEPH MONTELEONE, | ) |
| Third Party Defendants/ Third Party Counterclaim Plaintiffs. | ) |

**MEMORANDUM AND ORDER BIFURCATING TRIAL PROCEEDINGS**

This matter came before the Court on the motion of Nationwide Life Insurance Company ("Nationwide") to bifurcate the trial by first conducting a bench trial on Nationwide's claim for damages against St. Clair Mobile Home Parks, LLC ("St. Clair"), and thereafter conducting a jury trial on the third-party claims between St. Clair and the third-party Defendants, Triad Capital Advisors, Inc. ("Triad") and Joseph Monteleone ("Monteleone"). [Doc. No. 122]. The parties and the Court conducted extensive discussions regarding this issue and at the conference on August 28, 2006, the Court advised the parties that it was granting Nationwide's motion.

As set forth in the memoranda filed by the parties, the case is in a somewhat unusual posture. The Court has ruled, based on the agreement between the parties, that St. Clair has contractually waived its right to a jury trial on the claims between Nationwide and St. Clair arising out of the parties' loan application agreement. St. Clair, Triad and Monteleone, however, are entitled to a jury trial on the third party claims and have asserted their right to such a jury trial. Additionally, based on the motion for partial summary judgment previously filed by Nationwide, the Court has ruled that Nationwide is entitled to judgment as a matter of law on the issue of breach, such that the only remaining issue what amount of damages, if any, St. Clair owes Nationwide as a result of the breach.

Triad and Monteleone object to bifurcated proceedings, asserting that such proceedings will result in a duplication of evidence and the admission of inadmissible hearsay evidence or evidence that constitutes improper testimony by the Court -- in the form of evidence of this Court's ruling on damages. They further assert that the third party defendants conducted discovery and pretrial proceedings with a unitary trial in mind and would be prejudiced by a bifurcation at this late date. The third party defendants suggest that the Court conduct all proceedings before the jury, including issues related to breach and damages as between Nationwide and St. Clair, and that the Court make its findings and conclusions after the jury has returned its verdict, using the jury's findings with respect to the claim by Nationwide against St. Clair as an advisory aid as it sees fit.

District courts have "wide discretion" in determining the manner in which cases are tried. Marmo v. Tyson Fresh Meats, Inc., No. 05-1906, 05-3649, 2006 WL 2165734, at *6 (8th Cir. Aug. 3, 2006); Washington v. Normandy Fire Protection Dist., 328 F.3d 400, 406 (8th Cir.

2

2003). The procedure suggested by Triad and Monteleone poses several problems. It creates the risk of inconsistent verdicts and will most certainly cause juror confusion. It also is inefficient in terms of judicial resources, unnecessarily increases the costs to Nationwide, and may subject the jury to hearing complex evidence pertaining to damages that may prove wholly unnecessary to its verdicts.

A bifurcation of the case, on the other hand, offers many advantages. For example, while the issue of the amount of damages to which St. Clair may be entitled against Triad and Monteleone on its third-party claims is, in some respects, independent of the damages St. Clair may owe Nationwide, in other respects, the amounts are related. For example, Missouri law recognizes that where, as here, a party who has allegedly breached its contract with another asserts that the breach is due to the negligent misrepresentation of its broker, that party may be entitled to recover any damages it is required to pay related to the breach of contract, as well as attorneys' fees incurred in defense of the suit. See Shen v. Leo E. Daly Co., 222 F.3d 472, 479 (8th Cir. 2000); City of Cottleville v. St. Charles County, 91 S.W.3d 148, 151 (Mo. Ct. App. 2002); Seidel v. Gundaker Real Estate Co., Inc., 904 S.W.2d 357, 363 (Mo. Ct. App. 1995). Thus, if the Court were to determine that St. Clair is not liable for damages to Nationwide, or significantly limits the amount of damages, that determination would be relevant to the damages St. Clair may recover from Triad and Monteleone. Moreover, the Court notes that the issue of damages between Nationwide and St. Clair is a very complex one, involving the financial instruments known as derivatives and alleged losses related to interest rate hedge contracts. If the Court were to determine that such losses are not recoverable by Nationwide, there would be little reason for the jury to hear this complex evidence.

3

Nor does it appear that bifurcation will cause any undue prejudice to the third party defendants. Contrary to the assertions of the third party defendants, the Court is not convinced that bifurcated proceedings will necessarily result in a duplication of evidence, and any such duplication of evidence is likely to be minimal. For the reasons stated in the memoranda filed by St. Clair and Nationwide, the Court also finds unpersuasive Triad and Monteleone's assertion that bifurcated proceedings would result in the admission of inadmissible hearsay or improper "testimony" by the Court. Indeed, it has yet to be seen what use St. Clair may seek to make of any judgment entered against it and in favor of Nationwide.

Nor is the Court persuaded that Triad and Monteleone made strategic decisions, such as not retaining outside experts, based on its assumption of a unitary trial. To the contrary, the Court finds that the third party defendants' decision not to retain an expert was for other strategic reasons. And while the third party defendants have stated that they incurred unnecessary expense in preparation for a joint trial, they have not identified any such costs other than unspecified portions of depositions that they may not have taken. Even if the Court were to assume the third party defendants incurred unnecessary expense, any such fees may be offset by a savings in attorneys' fees resulting from more efficient trial proceedings. Further, St. Clair, Triad and Monteleone could conceivably be found liable for any attorneys' fees incurred by Nationwide in connection with this litigation, and bifurcated proceedings will eliminate the need for Nationwide to incur the unnecessary fees that would be occasioned by its participation in a lengthy jury trial. For these reasons, and the reasons stated at the final pretrial conferences,

**IT IS HEREBY ORDERED** that Nationwide's motion to bifurcate the trial [Doc. #122] is **GRANTED**.

**IT IS FURTHER ORDERED** that counsel for the third party plaintiff and the third party defendants shall confer with one another regarding the scope and schedule for any further discovery occasioned by the bifurcation of these proceedings, and shall file a schedule regarding further discovery and the date for any supplementation of the pretrial materials by **Friday, September 1, 2006**.

**IT IS FURTHER ORDERED** that the jury trial of the third party claims between St. Clair and third party defendants Triad and Monteleone, is scheduled for **Monday, December 11, 2006**, and is No. 2 on the docket.

                                                */s/ Audrey G. Fleissig*
                                                AUDREY G. FLEISSIG
                                                UNITED STATES MAGISTRATE JUDGE

Dated this 31st day of August, 2006.