NATIONWIDE LIFE INSURANCE )
COMPANY, )
     )
    Plaintiff/Counterclaim Defendant, )
     )
vs. ) Case No. 4:04CV1746 AGF
     )
ST. CLAIR MOBILE HOME PARKS, )
LLC, )
     )
    Defendant/Counterclaim Plaintiff/ )
        Third Party Plaintiff/ )
        Third Party Counterclaim Defendant, )
     )
vs. )
     )
TRIAD CAPITAL ADVISORS, INC., and JOSEPH )
MONTELEONE, )
     )
    Third Party Defendants/ )
    Third Party Counterclaim Plaintiffs. )

## MEMORANDUM AND ORDER

      This matter is before the Court on the motion in limine of Triad Capital

Advisors, Inc., and Joseph Monteleone (jointly, "Triad/Monteleone") to preclude

Nationwide Life Insurance Company ("Nationwide") from presenting evidence

concerning Nationwide's legal fees incurred in prosecution of this litigation.

(Doc. #131).

1.  St. Clair Mobile Home Parks, LLC ("St. Clair") joined in this motion at the pretrial

conference held on August 24 and 25, 2006.  Movants argue that the loan agreement

between Nationwide and St. Clair does not provide for recovery of such fees.[1]  For the

reasons set forth below, the motion shall be **GRANTED**.

Nationwide recognizes that under Missouri law, which governs this action, each

litigant bears its attorney's fees incurred in litigation, absent a contractual provision to the

contrary.  Nationwide argues that, here, there is a contract provision providing to the

contrary.  Specifically, Nationwide points to the following provision in the loan

agreement: "Whether or not closing occurs, [St. Clair] agrees to pay or reimburse

Nationwide for all fees and expenses Incidental to the Mortgage Loan herein

contemplated, Including, but not limited to, legal fees . . . ."

This provision appears in paragraph 31 of the loan agreement, which reads in full

as follows:

> FEES AND EXPENSES INCIDENTAL TO THE MORTGAGE LOAN:
> Whether or not closing occurs, [St. Clair] agrees to pay or reimburse
> Nationwide for all fees and expenses Incidental to the Mortgage Loan
> herein contemplated, Including, but not limited to, legal fees,
> Commitment Fee, M.A.I. Appraisal Fee, Inspecting Architect Fee,
> survey fee, Processing Fee, title fee, environmental engineer and/or
> consultant fees, and closing costs.  Nationwide may pay these fees and
> expenses directly and reimburse itself from the funds being held as the
> Commitment Fee so long as such action is not in contradiction with the
> APPLICATION DEPOSIT and COMMITMENT FEE sections of this
> Application.

Nationwide relies upon dictionary definitions of "incidental" to mean

"happening as a result of or in connection with something more important," and "being

likely to ensue as a chance or minor consequence," and argues as follows:

---

[1]    Movants' alternate ground that evidence of such fees was not produced in a
timely manner, has already been rejected by this Court in a separate Order.

"[A]s a result of or in connection with" St. Clair's breach of the Application by not closing the Mortgage Loan, Nationwide has been forced to incur legal fees in this litigation. Clearly, the plain and ordinary meaning of "incidental" demonstrates that Nationwide's legal fees incurred during this litigation are to be paid by St. Clair.

In interpreting a contract, the terms of the contract "are read as a whole to determine the intention of the parties and are given their plain, ordinary, and usual meaning." Dunn Indus. Group, Inc. v. City of Sugar Creek, 112 S.W.3d 421, 428 (Mo. 2003) (en banc). "If a contract provides for the payment of attorney's fees and expenses incurred in the enforcement of a contract provision, the trial court must award them to the prevailing party." Schnucks Carrollton Corp. v. Bridgeton Health & Fitness Inc., 884 S.W.2d 733, 739 (Mo. Ct. App. 1994) (enforcing contract provision which stated, "In the event that either party hereto shall bring legal action against the other party, then the prevailing party shall be entitled to reimbursement from the other party for all expenses thus incurred, including a reasonable attorney's fee."); Swift Transp. Co., Inc. v. Swearengin 709 S.W.2d 130, 136 (Mo. Ct. App. 1986) (same as to provision stating, "In the event of a breach of the terms and provisions of this [agreement], the non-breaching party shall be entitled to reimbursement of all of its costs and expenses in enforcing this [agreement], including reasonable attorney's fees.")

The loan agreement in question contains no such clause. Indeed, here there is no dispute that Nationwide exercised its option to cancel the Application and terminate Nationwide's obligations pursuant to part I (the first paragraph), paragraph 14 of the Application. That provision states:

> [S]hould the Mortgage Loan not close as provided for in this
> Application due to a failure of Borrower to fulfill the terms and
> conditions of this Application . . . then Nationwide shall have the option
> . . . to cancel this Application and terminate all Nationwide's obligations
> hereunder.  Upon cancellation of this Application . . . Nationwide shall
> have the right to retain the Commitment Fee in full and in addition, to
> pursue all legal and equitable remedies available to Nationwide,
> including, without limitation, legal action to collect provable damages
> (including loss of bargain) in excess of the Commitment Fee.

No mention, whatsoever, is made of the right to recover attorney's fees in the event suit is filed.

Nationwide's right to reimbursement for "legal fees" is mentioned several times in the loan agreement in addition to the above-cited reference in paragraph 31.  For example, the second paragraph of paragraph 14 states that in the event the loan did not close because Nationwide disapproved the inspecting architect's report or other similar reports, Nationwide was to return St. Clair's Commitment Fee, "less all actual costs and expenses incurred by Nationwide in connection with the negotiation . . . of the Mortgage Loan, including, without limitation, legal fees, Inspecting Architect Fee, M.A.I. Appraisal Fee, and environmental engineer and/or consultant fees."  The Court does not read this or other similar paragraphs – including paragraph 31 – to include legal fees in connection with any suit to enforce Nationwide's rights.

Significantly, the loan application grants Nationwide the right to pursue legal remedies under several different circumstances, but nowhere does the loan application provide that if such legal action is pursued, Nationwide may recover its attorney's fees, expenses, or legal costs incurred in the litigation.

Even if the loan application were ambiguous – and the Court finds no such

ambiguity – the loan application is a form provided by Nationwide and ambiguities are to be viewed against the drafter.  See Triarch Indus., Inc. v. Crabtree, 158 S.W.3d 772, 776 & n.7 (Mo. 2005) (en banc); Byrd v. Frank B. Wilson Trust ,182 S.W.3d 701, 706 (Mo. Ct. App. 2006) (ruling against drafter of real estate brokerage contract on a matter on which contract was ambiguous, where none of the contract provisions cited by the drafter expressly supported drafter's position); Mello v. Davis, 182 S.W.3d 622, 624 (Mo. Ct. App. 2005) (construing ambiguous contingency fee clause in an agreement between attorney and client against the attorney as the drafter of the agreement).

Accordingly,

**IT IS HEREBY ORDERED** that the motion to preclude Nationwide from presenting evidence concerning Nationwide's legal fees incurred in prosecution of this litigation is **GRANTED**, as Nationwide is not entitled to reimbursement for these fees.

_____
AUDREY G. FLEISSIG
UNITED STATES MAGISTRATE JUDGE

Dated this 1st day of September, 2006